UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

P.A.L ENVIRONMENTAL
SAFERTY CORP.

       Plaintiff/Counter-Defendant,

                               Civil Case No. 19-11630

v.                             Honorable Linda V. Parker

NORTH AMERICAN DISMANTLING
CORP., NORTH AMERICAN
SPECIALTY INSURANCE
COMPANY, and CONSUMERS
ENERGY COMPANY,

       Defendants.

and

NORTH AMERICAN DISMANTLING
CORP.,

       Counter-Plaintiff.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [ECF No. 61]

On June 3, 2019, Plaintiff P.A.L. Environmental Safety Corp. ("PAL") filed

this lawsuit against Defendants North American Dismantling Corp. ("NADC"),

North American Specialty Insurance Company ("NASIC"), and Consumers Energy

("CE").  (ECF No. 1.)  PAL is suing the Defendants to recover $23,841,833.37 in

unpaid labor and materials for its asbestos abatement work at JC Weadock Power

Plant in Essexville, Michigan ("Plant").  Specifically, PAL alleges the following claims: (i) Breach of Contract against NADC (Count I); (ii) Breach of the Payment Bond against NADC and NASIC (Count II); (iii) Unjust Enrichment against CE (Count III); (iv) Third Party Beneficiary Breach of Contract against CE (Count IV); (v) Promissory Estoppel against CE (Count V); and (vi) Negligent Misrepresentation against CE (Count VI).  (*Id.*)

On July 3, 2019, CE filed a motion to dismiss PAL's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 7.)  On July 15, 2019, NADC filed a counter complaint against PAL alleging the following claims: (i) Breach of Contract for failure to timely complete work (Count I); (ii) Breach of Contract for failure to pay employees, agents and subcontractors (Count II); (iii) Indemnification (Count III); and (iv) Breach of Contract for work on the Indianapolis Power & Light Company project ("IPL") (Count IV).[1]  (ECF No. 12.) On August 16, 2019, PAL filed a motion to dismiss Count IV of PAL's Counter Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3).  (ECF No. 22.)  On May 28, 2020, the late Judge Arthur Tarnow issued an opinion which: (i) denies in part and grants in part CE's motion to dismiss and dismisses PAL's Third Party Beneficiary Breach of Contract against CE (Count IV); and (ii) grants PAL's

---

[1] Count IV concerns work that NADC subcontracted PAL to perform in February 2018 at the Indianapolis Power & Light Company.

2

motion to dismiss Count IV of the NADC Counter Complaint.  (ECF Nos. 39, 40 (the subsequent order corrects a typo).)  The parties subsequently amended their complaints.  (ECF Nos. 44, 46.)

On June 11, 2020, CE filed a motion for reconsideration.  (ECF No. 41.)  On February 18, 2021, Judge Tarnow issued an opinion granting in part and denying in part CE's motion for reconsideration and dismissing PAL's claims against CE of Unjust Enrichment (Count III) and Promissory Estoppel (Count V).  (ECF No. 60.) The matter is now before the Court on PAL's motion for reconsideration with respect to the Court's dismissal of PAL's claims.  (ECF No. 61)  This case was reassigned to the undersigned on February 16, 2022.  For the reasons that follow, the Court is denying the motion.

When PAL filed its motion for reconsideration on March 2, 2021, the Local Rules for the Eastern District of Michigan provided the following standard for such motions:[2]

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

---

[2] Local Rule 7.1 was amended, effective December 1, 2021.

E.D. Mich. LR 7.1(h)(3).  Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain."  *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

In its motion, PAL generally claims that the Court mistakenly ignored the relevant case law of "three tiered contract/subcontract situations" in its dismissal of PAL's unjust enrichment claim and promissory estoppel claim.  (ECF No. 61 at Pg ID 2468-69).  PAL primarily argues that "the express contracts between the parties do ***not*** contain the same subject matter, and [CE] is not a party to the NADC-PAL contract."  (ECF No. 61 at Pg ID 2478 (emphasis in original)); (*see also id*. at Pg ID 2480.)  Further, PAL argues that "[c]ontrary to [CE's] allegations, the Prime Contract clearly does not speak to PAL's contractual rights and objections [sic] as it is not a party to that Contract either."  *Id*. at Pg ID 2483.  PAL explains that each contract covers a different scope of work.  *Id*.

Contrary to what PAL asserts, the Court did not err in finding that the contracts cover the same subject matter.  The Court has reviewed both the prime contract between CE and NADC and the subcontract between NADC and PAL.  Specifically, the Court notes that PAL is explicitly contemplated in the prime contract in the sections on "pre-approved subcontracting" and "price breakdown."  (*See* ECF No. 41-3 at Pg ID 1563-64.)  Also, the subcontract names CE as the "Owner" and incorporates by reference the prime contract.  (*See* ECF No. 41-4 at

Pg ID 1619.)  Further, it explicitly states that "[t]he Subcontract Documents shall not be construed to create a contractual relationship of any kind (1) between the Owner and Subcontractor . . .."

The Court disagrees that this case is more like *Morris Pumps* and *Roche Diagnostic*, where the courts noted that the parties' decisions "were not completely innocent and without knowledge."  *Roche Diagnostics Corp. v. Shaya*, 427 F. Supp. 3d 905, 925 (E.D. Mich. 2019); *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 197, 729 N.W.2d 898, 905 (2006).  In those cases, the courts found that each defendant was unjustly enriched and implied a contract where no express contract existed between the plaintiffs and the enriched defendant.  The Court finds that the facts are more analogous to *Landstar* because there is no unjust enrichment when "the benefit defendants received . . . was nothing more than what all the parties contemplated."  *Landstar Express Am., Inc. v. Nexteer Auto. Corp.*, 319 Mich. App. 192, 205, 900 N.W.2d 650, 657 (2017).  The court provided the following reason for its conclusion that the defendants were not "unjustly" enriched:

> [T]he evidence clearly shows that [the parts supplier] contracted with plaintiff for the shipments at issue.  In those contracts, [the parts supplier] was responsible for the payment of those requested services.  Likewise, the contract between [the buyer] and [the parts supplier] shows that [the parts supplier] was responsible for expedited-freight charges.  Accordingly, the benefit defendants received—the timely delivery of steering assembly parts—was nothing more than what all the parties

> contemplated.  Further, all the parties contemplated that [the parts supplier]—not [the buyer]—would be responsible for the shipping charges.  As a result, we agree with the trial court that it cannot be said that [the buyer's] failure to pay for the shipping costs was unjust.

*Id.* at 658.  As such, it cannot be said that CE's failure to pay for performance contemplated in the contracts is unjust.

This Court previously held that the contracts covered the same subject matter stating "PAL's express contract with NADC addresses the same subject matter it attempts to litigate against [CE] through equitable means: its abatement of the Power Plant."  (ECF No. 60 at Pg ID 2454.)  The record is clear that each contract covers the same subject matter which precludes the Court from implying one.  *Landstar Express* is, therefore, directly on point.

Additionally, the Court reasons that the express contracts also preclude the imposition of PAL's promissory estoppel claim.  *See Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 552 (Mich. App. 1999).  Therefore, no palpable defect exists in the Court's opinion and order.

For these reasons, the Court is **DENYING** PAL's motion for reconsideration

(ECF No. 61).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: March 31, 2022