UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

P.A.L. ENVIRONMENTAL SAFETY CORP.,

    Plaintiff/Counter-Defendant,

v.

NORTH AMERICAN DISMANTLING CORP., NORTH AMERICAN SPECIALTY INSURANCE COMPANY, and CONSUMERS ENERGY COMPANY,

    Defendants.

And

NORTH AMERICAN DISMANTLING CORP.,

    Counter-Plaintiff / Cross-Plaintiff,

v.

CONSUMERS ENERGY COMPANY,

    Cross-Defendant.
_____/

Civil Case No. 19-11630
Honorable Linda V. Parker

**<u>OPINION AND ORDER GRANTING NORTH AMERICAN DISMANTLING CORP.'S MOTION TO VOLUNTARILY DISMISS COUNT II OF ITS AMENDED COUNTERCLAIM [ECF NO. 81]</u>**

    This is a diversity action arising out of a breach of contract dispute. The matter is presently before the court on North American Dismantling Corp.'s

("NADC") "Motion to Voluntarily Dismiss Count II of its Amended Counterclaim Without Prejudice," filed on July 19, 2022. (ECF No. 81.) The motion has been fully briefed. (ECF Nos. 83, 84, 87.) Finding the facts and legal arguments sufficiently presented by the parties, the Court is dispensing with oral argument with respect to the parties' motions pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court is granting NADC's motion.

## FACTUAL BACKGROUND

The following facts are undisputed. On August 4, 2017, NADC entered into a written agreement ("Prime Contract") with Consumers Energy Company ("Consumers") for the abatement, dismantling, and demolition of the JC Weadock Power Plant (henceforth "the Project"). Specifically, the Prime Contract provided that NDAC was responsible for the abatement and removal of any Asbestos Containing Material ("ACM") at the Project. However, because ACM abatement work requires a contractor to be licensed under Michigan and federal law, and NADC lacked the necessary license, NADC entered into a "Subcontract Agreement" with PAL—who was licensed for ACM abatement—on August 29, 2017. The amount agreed upon for services under the Subcontract was $7,996,131.00. (ECF No. 18-8 at Pg ID 658.) On September 18, 2017, PAL began to perform under the agreement.

2

Federal Lawsuit

On June 3, 2019, PAL filed the original Complaint against NADC, Consumers, and North American Specialty Insurance Company. (ECF No. 1.) On July 15, 2019, NADC filed an Answer to the Complaint, ECF No. 11, and a Counterclaim against PAL. (ECF No. 12.) In the Counterclaim, NADC alleges that PAL failed to complete the work "on or before October 31, 2018," which was the date provided under the "Contract Schedule." (*Id.* at Pg ID 307, ¶¶ 30, 32.) Further, NADC alleges that as a result of PAL's failure to complete the work, the demolition portion of the Project was delayed. NADC's Counterclaim alleges the following counts: breach of contract for failure to timely complete the work (Count I); breach of contract for failure to pay employees, agents, and subcontractors (Count II); indemnification regarding claims brought against NDAC by Consumers[1] (Count III); and breach of contract regarding work performed under a second subcontract between NADC and PAL, involving PAL working with Indiana Power and Light Company ("IPL") (Count IV.).

On August 16, 2019, PAL filed a motion to dismiss Count IV of NADC's counterclaim, ECF No. 22, which the Court granted on May 28, 2020. (ECF No.

---

[1] At the time of the filing of the original Counterclaim, NADC maintains that it filed the indemnity claim "anticipating that Consumers . . . would seek damages from NADC due, at least in part, to PAL's [alleged] failure to timely and properly abate the asbestos from Consumers' Weadock Power Plan prior to its demolition by NADC." (ECF No. 84 at Pg ID 3173.)

3

39.)  On October 16, 2020, PAL filed an Amended Complaint, ECF No. 44, to which NADC filed an Amended Counterclaim on October 20, 2020. (ECF No. 46.) In the Amended Counterclaim, NADC alleges the following against PAL: breach of contract for failure to timely complete the work (Count I); and indemnification regarding the claims brought against NADC by Consumers (Count II).

State Lawsuit

On June 16, 2020, Consumers filed a separate complaint against NADC in the Lapeer County Circuit Court.  *See Consumers Energy Company v. North American Dismantling Corp.*, Case No. 20-053835-CK; (Ex. D., ECF No. 46-5.) In the lawsuit, Consumers claims that NADC breached the Prime Contract causing numerous damages.  Specifically, Consumers alleges the following: breach of contract (Count I), express contractual indemnity (Count II), negligence, errors, and omissions (Count III); and breach of fiduciary duty and duty to act in good faith (Count IV).

On December 10, 2020, NADC filed a motion for summary disposition in light of the instant federal court case, "believing that the claims pled [by Consumers] should have been brough as part of [the federal] case."  (ECF No. 81 at Pg ID 3096, ¶ 6.)  On January 21, 2021, the state court denied NADC's motion to dismiss and NADC was unsuccessful at appealing the ruling with the Michigan Court of Appeals.  (*Id.* ¶ 7.)  On May 16, 2022, NADC filed a third-party

4

complaint against PAL seeking indemnification "should Consumers prevail on its claims against NADC." (*Id.* ¶ 9; ECF No. 83 at Pg ID 3110-11.) Subsequently, on June 17, 2022, PAL filed a motion for summary disposition on NADC's third-party complaint. On January 27, 2023, the state court issued an order staying the proceedings pending this Court's ruling.

## LEGAL STANDARD

Under Rule 41(a), which governs voluntary dismissals, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(A)(2). It is within the court's sound discretion to determine whether a dismissal should be granted. *See Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. National Bank of Detroit,* 491 F.2d 753, 757 (6th Cir. 1974)). The rule's primary purpose of creating a requirement that the court approve a voluntary dismissal is "to protect the nonmovant from unfair treatment. *Id.* (citing *Ikospentakis v. Thalassic S.S. Agency,* 915 F.2d 176, 177 (5th Cir. 1990)).

A district court is found to abuse its discretion "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (quoting *Grover*, 33 F.3d at 718)). Under the Sixth Circuit, to determine whether a

5

defendant may be subjected to plain legal prejudice, a court must consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) (quoting *Grover*, 33 F.3d at 718.) "These factors are neither exhaustive nor conclusive" *Id.*; *see also Malibu Media, LLC v. [Redacted]*, 705 F. App'x 402, 407 (6th Cir. 2017) ("These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss.") (citation omitted).

## ANALYSIS

NADC seeks to dismiss Count II of its Amended Counterclaim—the indemnification claim regarding Consumers' state court lawsuit—arguing that because Consumers' damage claims are pending in state court, "NADC's indemnity claim against PAL [should] also[] be litigated as part of Consumers' state court lawsuit." (ECF No. 81 at Pg ID 3097, ¶ 11.) NADC further maintains that allowing dismissal of this claim would "promote the efficient resolution of the parties' claims." (*Id.* ¶ 12.) However, PAL opposes the dismissal.

First, PAL maintains that "dismissing the claim places an undue burden on PAL as it has litigated this claim in this case, and will now have to litigate it again

6

in the state court, expending duplicative time, effort and costs." (ECF No. 83 at Pg ID 3112.) Specifically, PAL notes that it has "spent years on discovery," which includes "numerous depositions (approximately 10) conducted with NADC's indemnity claim pending," explaining that "PAL will likely have to redepose witnesses both of NADC and Consumers in state court, as well as redo any discovery there in that matter to date." (*Id.* at Pg ID 3114-15.) However, PAL's argument is premised on the fact that it "will likely" have to duplicate its discovery efforts yet proffers no legal authority that precludes PAL from simply using the discovery obtained in this case for purposes of defending against state court action, absent any protective order. *See cf. Larrabee v. Sachs*, 506 N.W.2d 2, 2 (Mich. Ct. App. 1993) (citing Mich. Ct. R. 2.302 ) ("Parties in civil proceedings may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action"); *Stempien v. Wajda*, No. 263472, 2006 WL 2089148, at *5 (Mich. Ct. App. July 27, 2006) (same). As such, PAL's claim that it will suffer an undue burden by the dismissal of Count II is unconvincing.

Second, PAL maintains that dismissal would be "prejudicial to PAL because of NADC's excessive delay and its lack of diligence in prosecuting the claim." The Court agrees with PAL that NADC has indeed excessively delayed in deciding to dismiss its indemnity claim, especially provided that NADC became aware on January 21, 2021, that the state court would allow Consumers' damages claim to

7

proceed. At that point, NADC should have moved to dismiss Count II instead of waiting until July 19, 2022, which is over a year and a half later. However, PAL has failed to demonstrate how this delay, albeit extensive, would amount to any form of prejudice. Again, PAL was able to continue to engage in extensive discovery without any delays, which can be used to defend against the claim in state court. The Court finds no prejudice against PAL due to the delay in moving for a dismissal of the claim.

Finally, PAL maintains that "NADC fails to provide a sufficient explanation for the need to take a dismissal, and rather, appears to be unreasonably forum-shopping." Once again, PAL failed to provide any support that NADC's decision to litigate the indemnity claim in state court amounts to forum-shopping. Here, the Court agrees with NADC that this claim would be better suited being litigated and decided in the same court where the related damages, if any, will be determined.

## CONCLUSION

For these reasons, the court does not find any existence of plain legal prejudice against PAL by granting NADC's request to dismiss Count II. Allowing the indemnity claim to proceed in state court serves the interest of justice.

Accordingly,

**IT IS ORDERED** that NADC's "Motion to Voluntarily Dismiss Count II of

its Amended Counterclaim" (ECF No. 81) is **GRANTED**.

    **SO ORDERED.**

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: March 10, 2023